# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WASHINGTON, | No. 2:20-CV-1396-JAM-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss. See ECF No. 16. Respondent argues the instant petition is untimely. Petitioner has filed an opposition. See ECF No. 21. Respondent has filed a reply. See ECF No. 26.

## I. BACKGROUND

Petitioner was convicted of kidnapping and corporal injury to a spouse and sentenced to a determinate state prison term of 22 years. See ECF No. 17-1. The California Court of Appeal affirmed the conviction and sentence on November 30, 2017. See ECF No. 17-2. The California Supreme Court denied direct review on February 14, 2018. See ECF No. 17-4. Petitioner did not seek certiorari in the United States Supreme Court.

///

1

Following conclusion of proceedings on direct review, Petitioner filed three state court post-conviction actions as follow:

| | | |
|---|---|---|
| <u>First Action</u> | Filed in the Sacramento County Superior Court on December 23, 2018.  <u>See</u> ECF No. 17-5. |
| | Denied on February 15, 2019.  <u>See</u> ECF No. 17-6. |
| <u>Second Action</u> | Filed in the California Court of Appeal on March 18, 2019.  <u>See</u> ECF No. 17-7. |
| | Denied on March 28, 2019.  <u>See</u> ECF No. 17-8. |
| <u>Third Action</u> | Filed in the California Supreme Court on May 1, 2019.  <u>See</u> ECF No. 17-9. |
| | Denied on July 24, 2019.  <u>See</u> ECF No. 17-10. |

Petitioner filed his federal petition on June 21, 2020.  <u>See</u> ECF No. 1.

## II.  DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  <u>See</u> 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  <u>See</u> 28 U.S.C. § 2244(d)(1).  Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  <u>See</u> <u>Patterson v. Stewart,</u> 251 F.3d 1243, 1246 (9th Cir. 2001).

/ / /

/ / /

/ / /

1     The limitations period is tolled, however, for the time a properly filed application
2 for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be
3 "properly filed," the application must be authorized by, and in compliance with, state law. See
4 Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.
5 DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a
6 state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions
7 and the failure to comply with those time limits precludes a finding that the state petition is
8 properly filed). A state court application for post-conviction relief is "pending" during all the
9 time the petitioner is attempting, through proper use of state court procedures, to present his
10 claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered
11 "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549
12 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari
13 petition to the Supreme Court was pending). Where the petitioner unreasonably delays between
14 state court applications, however, there is no tolling for that period of time. See Carey v. Saffold,
15 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as
16 untimely, the federal court must independently determine whether there was undue delay. See id.
17 at 226-27.

    **A.**    **The Limitations Period Begins**

As to commencement of the limitations period, Respondent argues:

> On November 30, 2017, the California Court of Appeal affirmed the judgment. (Lod. Doc. 2.) Petitioner filed a petition for review with the California Supreme Court, which was denied on February 14, 2018. (Lod. Docs. 3-4.) The time to seek direct review ended on May 15, 2018, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired. The one-year limitation period commenced running the following day—May 16, 2018. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

ECF No. 16, pg. 3.

26 ///
27 ///
28 ///

3

1    The Court agrees.  The California Supreme Court denied direct review on

2 February 14, 2018.  The time to seek certiorari in the United States Supreme Court expired on

3 May 15, 2018.  Thus, the limitations period began to run the following day – May 16, 2018.

4  **B.**  **<u>Statutory Tolling</u>**

5    Respondent concedes Petitioner is entitled to statutory tolling for all the time his

6 three state post-conviction actions were pending in state court and for the time between actions.

7 <u>See</u> ECF No. 16, pg. 4.  Respondent states Petitioner is entitled to 214 days of statutory tolling.

8 <u>See</u> <u>id.</u>  The Court agrees.  Petitioner's three state court post-conviction actions each proceeded to

9 the next higher level of review and there was no significant delay between actions.

10  **C.**  **<u>The Limitations Period Ends</u>**

11    Absent tolling, the one-year limitations period would have expired on May 15,

12 2019.  Tolling this time for the approximately seven-month period the state court actions were

13 pending, Petitioner's federal petition was due in December 2019.  Because the federal petition

14 was not filed until June 2020, it is untimely and must be dismissed.

15    In his opposition, Petitioner argues that the California Department of Corrections

16 and Rehabilitation (CDCR) impeded the timely filing of his federal petition following conclusion

17 of his state post-conviction actions.  <u>See</u> ECF No. 21, pg. 3, 5-6.  According to Petitioner:

> Just six (6) days after the July 24, 2019, denial petitioner was assigned to adult basic education III on 7/30/19 and unassigned 12/24/2019 then assigned back to adult basic education after the holidays on 1/03/20 (see <u>Exhibit-1</u> – Petitioner's CDCR inmate assignment history).  Pursuant to CCR Title 15 § 3041(a)(b) & (d) Petitioner was obligated to attend education Monday through Friday or face the disciplinary actions of CDCR for not attending education.  The law library and adult basic education III are ran [sic] during the same hours.  Therefore, Petitioner could not attend the law library while attending adult basic education III in which the prison assigned Petitioner.  Further, due to COVID-19 on 2/19/2020 education/law library was shut down indefinitely.  See <u>Exhibit-1</u> (attached).
>
> <u>Id.</u>

26 Petitioner asserts he is entitled to equitable tolling of the statute of limitations due to these

27 impediments.  <u>See</u> <u>id.</u>

28 / / /

Because the statute of limitations is not jurisdictional, it is subject to traditional equitable tolling principles. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In Pace, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419.  In Beeler, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order. See 128 F.3d at 1288. In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition. The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control. There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.

Id. at 1289.

In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was appropriate because:

> . . . [A]s part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed." The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it.......... This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling.

163 F.3d at 541.

///
///

5

In addition, the egregious misconduct of counsel may warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). Mental incompetence may also warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact caused the delay. See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003). The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

In his reply brief, Respondent argues:

> Petitioner has not shown that despite his diligence, extraordinary circumstances prevented him from filing a timely federal petition. Petitioner initially delayed 221 days from the commencement of the limitations period (May 15, 2018) before he filed his first state habeas petition on December 23, 2018. Petitioner provides no explanation for this delay.
> He then delayed another 333 days after the denial of his third state habeas petition on July 24, 2019, before he filed his federal petition on June 21, 2020. He only attempts to explain this latter delay by addressing the time period from July 30, 2019 to February 19, 2020. (Dkt. 21 at 5-6.) But even if his reasons constituted extraordinary circumstances, they did not prevent him from timely filing his federal petition, nor do they explain the entire time period of the 333-day delay. He claims his adult education class and COVID-19 prevented him from accessing the law library. But he does not explain why he needed law library access to file a timely federal petition when all he had to do was re-raise the claims he exhausted in state court. (*See* Lod. Doc. 9.) It certainly appears that he did not need law library access because, despite the claimed COVID-19 law library closures, Petitioner was able to file his federal petition on June 21, 2020, during the ongoing pandemic.
> Even so, he does not explain why he was unable to utilize the law library (if needed) to file his federal petition when he was unassigned from his adult education class from October 24, 2019, until he was reassigned on January 3, 2020, which was also before the claimed COVID-19 law library closures began on February 19, 2020. Limited access to the prison law library is a normal incident of prison life that does not warrant equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("petitioner's four month stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because '[o]rdinary prison limitations on [one's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically qualifies as grounds for equitable tolling); *see also Nelson v. Sisto*, 2012 WL 465443, *1, *6 (N.D. Cal. Feb. 13, 2012) (finding petitioner's allegations of prison lockdowns that lasted months at a time, including one lockdown that lasted a year, were "nothing more than routine prison circumstances that most habeas prisoners face and did not amount to extraordinary circumstances or make it impossible for him to file on time."). Furthermore, the Constitution does not guarantee

unlimited access to the law library—an inmate having to wait for his or her turn is not a denial of access to court. *Lindquist v. Idaho Board of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985); *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

ECF No. 26, pgs. 2-3.

The Court agrees with Respondent that equitable tolling in not warranted in this case. To be entitled to equitable tolling, Petitioner must show extraordinary circumstances beyond his control prevent his filing despite his diligence. Petitioner has not done so here. First, limited access to the law library is not an exceptional circumstance. Moreover, Petitioner does not show why he needed law library access in order to file his federal petition. Second, Petitioner does not explain how his placement in adult basic education constitutes a circumstance which prevented him from filing his federal petition. Third – and most significantly – Petitioner does not explain how the limited times he was placed in adult basic education or unable to access the law library accounts for all of the time between denial of the third state post-conviction action in July 2019 and the filing of his federal petition in June 2020.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 16, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 11, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7